# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>)<br>vs. )<br>)<br>TIFFANY JONES, )<br>)<br>Movant. ) | Case No. 19 C 4509 |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

In August 2011, Tiffany Jones pled guilty to bank robbery in violation of 18 U.S.C § 2113(a) and (d) and brandishing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A). In March 2012, the Court sentenced Jones to consecutive prison terms of thirty-seven months on count one and eighty-four months on count two, for a total of 121 months.

Jones has filed a *pro se* motion under 28 U.S.C. § 2255 to vacate her sentence on count two. She contends that her sentence for violating section 924(c)(1)(A) must be vacated in light of the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019), which held that section 924(c)(3)(B), the statute's "residual clause," is unconstitutionally vague. The government contends that Jones's motion should be denied because she was convicted under section 924(c)(3)(A), the statute's "elements clause," which survives *Davis*. Jones did not file a reply within the time set by the Court and did not seek an extension of time. For the reasons stated below, the Court denies

Jones's section 2255 motion.

## Discussion

Under section 2255, a federal prisoner may move to vacate, set aside, or correct a sentence that was imposed in violation of the Constitution or laws of the United States or that is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). Jones's section 2255 motion rests on one ground: her sentence for violating 924(c)(1)(A) must be vacated in light of *Davis*.

Section 924(c)(1)(A) imposes mandatory minimum sentences for persons who carry, use, or possess a firearm during and in relation to a "crime of violence." 18 U.S.C. § 924(c)(1)(A). The statute lists two ways an offense can qualify as a "crime of violence." *Id.* § 924(c)(3). The first, generally referred to as the elements clause, defines a "crime of violence" as any offense that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." *Id.* § 924(c)(3)(A). The second, generally referred to as the residual clause, defines "crime of violence" as any offense that "by its nature, involves a substantial risk that physical force . . . may be used in the course of committing the offense." *Id.* § 924(c)(3)(B).

In *Davis*, the Court struck down the residual clause of section 924(c). *Davis*, 139 S. Ct. at 2336; *see also United States v. Cardena*, 842 F.3d 959, 996 (7th Cir. 2016) (predating *Davis*; holding the residual clause of section 924(c) unconstitutionally vague). The Court left the statute's elements clause intact. After *Davis* and *Cardena*, when the Seventh Circuit has considered challenges to convictions under section 924(c), it has looked to whether the petitioner's predicate offense qualifies as a "crime of violence" under the elements clause. *United States v. Oliver*, No. 17-2880, 2020 WL 1036626, at

*4 (7th Cir. Mar. 4, 2020) ("To invalidate a § 924(c) conviction, a defendant must raise a constitutional challenge to the residual clause *and* establish that the elements clause does not cover the predicate offense."); *see also Clark v. United States*, 680 F. App'x 470, 473 (7th Cir. 2017) (after *Cardena*, "to be a crime of violence, armed bank robbery must qualify under the surviving 'elements clause'"). Therefore, in order to obtain relief, Jones must show that armed bank robbery is not a crime of violence under the elements clause.

The Court agrees with the government that binding precedent forecloses Jones from making this showing. The Seventh Circuit has held that a bank robbery under 18 U.S.C. 2113(a) or (d) is categorically a crime of violence under section 924(c)(3)(A)'s elements clause. *United States v. Williams,* 864 F.3d 826, 830 (7th Cir.), *cert. denied*, 138 S. Ct. 272 (2017) (section 2113(a) qualifies as a crime of violence under the elements clause); *United States v. Armour*, 840 F.3d 904, 909 (7th Cir. 2016) (bank robberies under section 2113(a) and (d) qualify as crimes of violence under the elements clause).

In sum, because a violation of section 2113(a) or (d) is categorically a crime of violence under section 924(c)'s elements clause, Jones's conviction and sentence on count two survives *Davis*. She is thus not entitled to relief under section 2255.

### Conclusion

For the foregoing reasons, the Court denies Tiffany Jones's motion under 28 U.S.C. § 2255 and directs the Clerk to enter judgment denying the motion. The Court also declines to issue a certificate of appealability on defendant's claim, because the Court can find nothing to suggest that the merits of Jones's claim are debatable,

capable of different resolution, or deserving of further consideration. *See* 28 U.S.C. § 2253(c)(2); *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983); *Porter v. Gramley*, 112 F.3d 1308, 1312 (7th Cir. 1997).

Date: March 23, 2020

                                                                                                           MATTHEW F. KENNELLY
                                                                                                           United States District Judge